IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES R. LAWSON, MICHAEL ALBERSON, | ) |
| WILLIAM T. ALLEN, ANDREW C. ALONSO, | ) |
| JOHN T. ARMES, JR., JOHN T. ARMES, SR., | ) |
| STEVEN ATCHLEY, RICKIE D. ATKINS, | ) |
| RACHEL BACHOREK, ADAM BADGER, | ) |
| WESLEY BAESSLER, JAMES W. BAILEY, | ) |
| RALPH J. BAILEY, CHRIS R. BALL, | ) |
| TY BALLINGER, JESSIE BARBER, | ) |
| STEVEN BARNES, MICHAEL E. BAUMGART, | ) |
| SHAWN E. BELICE, AARON D. BELL, | ) |
| BRUCE BELL, JONATHAN BENEFIELD, | ) |
| JESSE L. BERNARD, WILLIAM H. BERRY, | ) |
| ALAN P. BINGHAM, BRAD BISHOP, | ) |
| DANIEL BISHOP, JOHN C. BORN, | ) |
| CHRIS E. BORUM, THOMAS BOUDREAUX, | ) |
| SHAZZON BRADLEY, DOUGLAS BRAUN, | ) |
| GEORGE N. BRIGGS, KIM ELAINE BROADWAY, | ) |
| ROBERT BROOKES, DAVID BROWN, | ) |
| TERRY BROWN, ANTONIO BRUGLIO, | ) |
| TIMOTHY ROGER BRUMMETT, | ) |
| ANTHONY BRYANT, JAMES R. BURGER, | ) Civil Case No: _____ |
| JANALYN R. CAMERON, DANA N. CAMPBELL, | ) |
| JASON CAMPBELL, RICHARD CAMPBELL, III, | ) |
| FRANK CARRAHER, DALE CARROLL, | ) |
| MATTHEW CARROLL, ANTHONY CARTER, | ) |
| KEVIN B. CARTER, JOSEPH A. CATES, | ) |
| V.L. CATRON, JOSEPH CHILDS, | ) |
| CHRISTOPHER CHAMBERS, | ) |
| RUSSELL L. CHAMBERS, RANDY CHILDS, | ) |
| KATE CHOPIN, CURTIS M. CHURCH, | ) |
| RONALD A. CLEMMER, PIERRE CLEVELAND, | ) |
| JAMES A. CLINE, TIMOTHY COKER, | ) |
| HERBERT COLLINS, JEFFREY C. COLVIN, | ) |
| LARRY D. COMBS, STEVEN R. CONSTANT, | ) |
| JEFF COX, TIMOTHY CROSBY, ROD CROSS, | ) |
| ROBERT E. DAVIS, TODD DEAL, | ) |
| BRAD DEBUSK, TONY W. DEBUSK, | ) |
| AARON DECKROW, ADAM DEEL, | ) |
| STEPHEN S. DELMONTE, JASON DENHAM, | ) |
| ROGER DENIS, MAURICE K. DIXON, | ) |
| CHARLES D. DOUGLAS, STANLEY | ) |
| DROZDOWSKI, JAMES DUBOSE, | ) |
| NICOLAS ECKHART, JORDAN D. EGGLESTON, | ) |
| JOSH ELMORE, JASON ESTENSON, | ) |

1.

CHARLES S. EVANS, JR., WILLIAM E. FAIDLEY, )
TYLER E. FARRINGTON, JOSEPH FEDELE,    )
MARK WILLIAM FINNEY, STEVEN D. FLASK,   )
TIMMY FORD, JERRY FORRESTER,            )
JAMES K. FOUST, DONALD FRASIER,         )
SEAN FRENCH, JACOB FULTON,              )
RICHARD GALLAHER, MARK GANN,            )
KURT GARBES, DONALD A. GARLAND,         )
KIRK E. GARLAND, TONY ALLEN GARNER,     )
MICHAEL J. GIBB, RORY B. GIBBS,         )
KATRINA GOLDSTON, ROBERT GRAHAM,        )
SHANNON GRAY, WILLIAM L. GREEN,         )
SONNY GRUBB, DOUGLAS T. HAMBY,          )
JOHN K. HARSHAW, MICHAEL HARVEY,        )
WILLIAM HARVEY, JR., ERNEST DAVID HAWK, )
CHRISTOPHER SCOTT HAYES, JOSH HAZELIP,)
MICHAEL A. HEIDLE, MARK HENDRICK,       )
ANDREW H. HENRY, DUSTIN HERRON,         )
KENT D. HERSHA, DANIEL HICKS,           )
TOMMY HICKS, ROBERT HIGGINBOTHAM,       )
JASON R. HODGE, RACHAEL HODGE,          )
STEWART HODGES, DAVID H. HOPKINS,       )
JOSHUA C. HOPSON, GEOFF HUBBS,          )
RYAN W. HUDSON, BRYAN W. HUMPHREYS,     )
JASON HUMPHREYS, JERRY HUTCHINS, JR.,   )
DANIEL JACKSON, JAMES JENKINS,          )
THOMAS JENKINS, CHARLES D. JOHN,        )
REGINALD D. JOHNSON, ADAM D. JOHNSTON,)
JUSTIN JOHNSTON, BRIAN E. KARULSKI,     )
CLARK KIGHT, KRIS KILE, JOHN KIMBROUGH, )
GREGORY KNIGHT, KEITH KYLE,             )
JOSEPH E. LACKEY, DAVID B. LAMBERT,     )
JASON LAMBERT, MITCHELL A. LANDRUM,     )
ROBERT J. LANGE, JR., ADAM LANGLEY,     )
WILLIAM H. LANZ, LARRY LAWSON,          )
RONALD SCOTT LAWSON, WILLARD LEON       )
LAWSON, BRYAN M. LEE, DION LEE,         )
MARK A. LEE, TERRY B. LEE,              )
BRENT LEMAIRE, JASON LEWALLEN,          )
SCOTT LINDSAY, CHARLES LOUGHNEY,        )
MICHAEL LOVELADY, JASON LOY,            )
W.E. LYONS, JR., PAUL MAESTAS,          )
DAVID R. MARCUM, RANDALL T. MARLOW,     )
JOHNNY A. MASSENGILL, JR.,              )
TOMMY D. MATHIS, MICHAEL C. MAYEUX,     )
CHRISTOPHER W. MATHEWS,                 )
DARREN MCBROOM, KEITH MCCOY,            )

2.

BRADFORD W. MCGILL, RYAN A. MCNITT,                )
RICHARD MCNUTT, MICHAEL MCPETERS,           )
SAM MEACOM, DUARD CHRISTIAN MELHORN, )
PHILLIP MENDEZ, CALEB D. MILES,                       )
HARRY J. MILLER, WILLIAM MILLER,                     )
RONALD MILTON, GINA MINGA,                             )
JESSE C. MIRACLE, JEFFERY RAY MITCHELL,  )
CHRISTOPHER S. MONDAY, CHRIS MORRIS,    )
JOSHUA A. MORRIS, DAVID N. MORROW,          )
JEREMY S. MORROW, BRUCE DAVID                   )
MOURFIELD, II, MICHAEL MOYE,                           )
GARY LEE MULLEN, BRIAN G. MULLINS,           )
HANK R. MULLINS, FRANK NARRO,                      )
BARRY NARRAMORE, JEFFERY TODD               )
NORMAN, MATT NUTSCH, MICHAEL S.              )
O'DONNELL, SEAN O'DONNELL, MARK OLLIS, )
MARK PANKEY, ADRIANA PAREDES,                  )
BOBBY G. PARKER, II, BELA REECE                     )
PARROTT, ERIC W. PARROTT,                              )
ROBERT PARTON, SHAWN PASCOE,                   )
MARY PATTERSON, JOE C. PERIAN,                   )
STEVE B. PETERSON, BRIAN K. PHILLIPS,       )
DAVID PHILLIPS, IRA A. PIERCE, JR.,                 )
CATHERINE PINKARD, STEVEN POSEY,          )
WILLIAM D. POTTER, ERIC K. PRIESTWOOD,  )
TRAVIS RAGAN, TIMOTHY R. REED,                   )
FRANK RHEA, C.W. RICHARDSON,                      )
MAX E. ROARK, STEVE ROY, CHARLES P.       )
RUSHEFSKI, SAMUEL RZSEDEN,                         )
NATHAN D. SADOWSKI, MATTHEW SAFADI,   )
SCOTT F. SANDERS, JACOB E.                            )
SCARBOROUGH, NICHOLAS SCHEVE,             )
ELIZABETH SCHWARTZ, ROGER SEALS,         )
JENNY SEIBER, DAVID SHEPARD,                       )
WILLIAM B, SIMS, DENNIS SITTON,                     )
RANDY SMALLWOOD, STEWARD T. SMITH,   )
DAVID W. SPETH, TONIA STARRETT,               )
JASON STEPHENS, TERRY STEVENS,             )
DUGGAN STEVENSON, JASON STEWART,     )
NATHAN TYLER STINNETT, DANIEL SWINT,   )
BEN TALLEY, TERRY M. TEAGUE,                       )
BRIAN TEDFORD, FREDERICK THRIFT,            )
PAUL E. THOMAS, BRYAN TIDWELL,                  )
BRYAN TOTH, ELIZABETH ANN UNDERWOOD, )
RICKY UTLEY, AMOS VANHALL,                           )
RICHARD VANHOOSE, ANDREW VELA,          )
BENJAMIN R. VENABLE, SEAN WAGNER,      )

3.

| | |
|---|---|
| CHAD E. WALLACE, PHILLIP SCOTT WALTMAN, GERALD WARD, THAD WATKINS, DUANE WATSON, JAMES E. WATTS, JR., MIKE WEAVER, MARK J. WEBBER, HENRY R. WEINGARTEN, JAMES M. WELCH, LARRY D. WELLS, LYNWOOD WEST, TRACY WHALEY, LARRY WHITE, JUSTIN WILCOX, MICHAEL WILLCOX, DUSTIN L. WILLIAMS, ROBERT C. WILLIAMS, MIKE WILLIAMSON, ADAM WILSON, KEVIN LYN WILSON, KURTIS B. WILSON, WALTER W. WIMES, MICHAEL WIRTH, CHARLES L. WITTE, JAMES WOOD, ALLAN L. WRIGHT, RICHIE G. WRIGHT, MICHEAL R. WUTHNOW, MELISSA WYCKOFF, WILLIAM YEARY, DARREN LEE YOUNG, JOSEPH YOUNG & BRANDON ZIEHL, individually and on behalf of all other similarly situated employees,<br><br>    Plaintiffs,<br><br>vs.<br><br>G4S GOVERNMENT SOLUTIONS, INC., *d/b/a* WSI – OAK RIDGE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, on behalf of themselves and all others similarly situated, by and through counsel, hereby set forth their complaint against G4S Government Solutions, Inc., as follows:

### I. INTRODUCTION

1. Plaintiffs bring this action against G4S Government Solutions, Inc. ("G4S") for legal relief to redress unlawful violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §201, et seq., and

4.

specifically the collective action provision of the Act found at §216(b), to remedy violations of the wage provisions of the Act by the Defendant which have deprived the named Plaintiffs, as well as the other individuals similarly situated to the named Plaintiffs, of their lawful wages. This suit is brought on behalf of the named Plaintiffs and all others similarly situated, pursuant to §216(b) of the Act.

2. Other current and former employees of the Defendant are also entitled to receive their proper hourly unpaid straight time wage and/or overtime compensation for the reasons alleged in this complaint. A Plaintiff is permitted to maintain this action "for and on behalf of himself and other employees similarly situated." 29 U.S.C. §216(b).

3. This action is brought to recover unpaid hourly straight time and overtime compensation owed to the Plaintiffs and all current and former employees of Defendant, who are similarly situated to Plaintiffs, pursuant to the FLSA. Plaintiffs and the collective group of similarly situated employees have been or are employed by the Defendant as non-exempt employees. Specifically, Plaintiffs worked as security police officers for Defendant under contract with the federal government in Oak Ridge, Tennessee at the Y-12 plant, Oak Ridge National Lab, Oak Ridge Protective Force, and Central Alarm Station. Defendant employs many other non-exempt employees in its security force at these locations.

4. During the three year period prior to the filing of this complaint, Defendant committed violations of the FLSA by requiring and/or suffering and/or permitting their employees, including Plaintiffs and all similarly situated employees, to work in excess of forty hours per week without receiving all overtime pay at a rate of one and a half times higher than their regular rate of pay as required by law. Additionally, Defendant failed to

5.

pay Plaintiffs, and those similarly situated to Plaintiffs, for all straight time hours worked in violation of 29 C.F.R. §778.315.

5. Plaintiffs and all similarly situated employees who elect to participate in this collective action seek injunctive and declaratory relief; overtime premium for all overtime work required, suffered or permitted by Defendant; straight time for all hours worked and not compensated; liquidated damages; prejudgment and post-judgment interest; attorney's fees; costs; and all other damages permitted by 29 U.S.C. §216(b) or other sections of the FLSA.

## II. THE PARTIES

6. Plaintiffs currently reside or formerly resided in the Eastern District of Tennessee and are citizens of the United States. Plaintiffs are either currently employed by Defendant for the purposes of this civil action and/or were employed during all or part of at least three years prior to the filing of this action.

7. During their employment with Defendant, Plaintiffs were paid an hourly rate of pay as security police officers. While employed by Defendant, Plaintiffs regularly worked in excess of 40 hours per week, but did not receive all straight time or overtime compensation to which they were entitled under the Act.

8. At all times material to this action, Plaintiffs and all similarly situated members of this collective action were "employees" of the Defendant as defined by §203(e)(1) of the FLSA and worked for Defendant within the territory of the United States, specifically in the Eastern District of Tennessee, part of or all of the three year

6.

period preceding the filing of this lawsuit. These same individuals are further covered by §207 of the FLSA for the period in which they were employed by Defendant.

9. Defendant is a Florida corporation which provides contract security services for the federal government and has its place of business at 161 Mitchell Road, Oak Ridge, Tennessee 37830. G4S's registered agent for service of process is Prentice Hall Corporation System, Inc., 2908 Poston Avenue, Nashville, Tennessee 37203. Plaintiffs will serve Defendant through Waiver of Service of Summons pursuant to Rule 4 of the Federal Rules of Civil Procedure.

10. Defendant, G4S, was the employer of the named Plaintiffs as defined by Section 203(d) of the FLSA.

11. Defendant is subject to personal jurisdiction in the State of Tennessee for the purposes of this lawsuit.

12. The overtime provisions set forth in §207 of the FLSA govern the business operations and activities of and apply to Defendant's business.

### III. JURISDICTION AND VENUE

13. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, federal question jurisdiction, and pursuant to 29 U.S.C. § 216(b).

14. Venue is proper in the Eastern District of Tennessee where all violations occurred and where Defendant's place of business is located.

### IV. VIOLATIONS OF THE FLSA

15. Defendant has intentionally and repeatedly engaged in a practice of improperly and unlawfully failing to pay security police officer employees including, but not limited to, Plaintiffs, in violation of the provisions of the FLSA and corresponding federal regulations. Plaintiffs' jobs consisted of providing security for federal facilities.

7.

16. Defendant has intentionally and repeatedly engaged in the practice of under-reporting the hours worked by their non-exempt security police officer employees in violation of the provisions of the FLSA. In addition, Defendant's agents and/or employees have specifically required Plaintiffs and others similarly situated to engage in work before the designated starting time and after the designated quitting time to perform miscellaneous work activities.

17. Defendant has intentionally and repeatedly engaged in the practice of under-reporting hours worked by their non-exempt security police officer employees in violation of the FLSA by requiring them to perform off-the-clock work. Defendant's agents and/or employees have specifically required Plaintiffs and other similarly situated employees to perform miscellaneous work activities and did not count that time as hours worked.

18. By its actions alleged herein, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

19. Defendant willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA as detailed herein, by preventing or endeavoring to prevent the proper compensation of Plaintiffs and other present and former similarly situated employees in accordance with §207 of the FLSA. Defendant has intentionally and repeatedly engaged in the practice of under-reporting hours worked by their non-exempt security police officer employees in violation of the provisions of the FLSA. In addition, Defendant's agents and/or employees have specifically required Plaintiffs and others similarly situated to do the following:

    a) work off the clock when performing miscellaneous work activities;

8.

b) engage in waiting time and posting time to the first job site without counting the time as hours worked after performing the first principal work activities to begin the work day and hours worked before the last work activities at the conclusion of the work day.

## V. SCOPE OF DEFENDANT'S LIABILITY

20. Plaintiffs bring this action on behalf of present and former security police officer employees of Defendant's who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the present lawsuit. Those similarly situated employees are known to the Defendant and are readily locatable through Defendant's records. All current and former non-exempt employees who worked for Defendant at any time during the three years preceding the filing date of this complaint, up to and including the date of the court's issuance of Court Supervised Notice, have been subjected to violations of the FLSA as noted in the preceding paragraphs.

21. Plaintiffs were employed directly by Defendant as security police officers.

22. Defendant issued payroll checks to Plaintiffs and other similarly situated employees during their employment with Defendant. Plaintiffs and other similarly situated employees were not compensated for all straight time hours worked and/or for all overtime compensation to which they were entitled under the FLSA.

23. As a result of the Defendant's violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive their lawful straight time and overtime wages in accordance with Section 207 of the FLSA and 29 C.F.R. §778.315.

9.

24. Defendant has made no good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs or other similarly situated employees.

25. As a result of the unlawful acts of Defendant, Plaintiffs and all persons similarly situated have been deprived of their rightful straight time hourly wage and/or overtime compensation in an amount to be determined at trial; and they are entitled to recovery of such amounts; declaratory and injunctive relief; liquidated damages; pre-judgment interest and post-judgment interest; attorney's fees, costs, and all other compensation and relief permitted by the FLSA.

26. Contemporaneously with the filing of this complaint, Plaintiffs have filed their Consent to Become Party Plaintiff **(Collective Exhibit A)**, as well as a Consent to Become Party Plaintiff form for other similarly situated persons **(Exhibit B)**.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

1. That, at the earliest possible time, they be allowed to give notice, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up to and including the date of this Court's Supervised Notice, to all security police officers employed by Defendant. Such notice should inform them that this action has been filed and should include the nature of the action, and their right to opt into this lawsuit if they have not been properly paid for all straight time hours worked and/or for overtime pay for all hours worked in excess of forty hours in a workweek, pursuant to 29 U.S.C. §216(b);

2. Designation of Plaintiff James R. Lawson as representative Plaintiff of the putative members of this FLSA collective action;

3. That the Court enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA;

4. That an injunction issue against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in the unlawful practices, policies and patterns set forth herein in violation of FLSA;

5. That Plaintiff and others similarly situated be awarded damages, including liquidated damages, for all unpaid straight time and/or overtime compensation owed to them under the FLSA in an amount to be determined at trial;

6. Costs and expenses for this civil action, including reasonable attorney's fees and expert fees;

7. Pre-judgment and post-judgment interest, as provided by law;

8. Such other and further legal and equitable relief as this court deems necessary, just, and proper.

Respectfully submitted this 9th day of March, 2012.

s/Garry Ferraris
GARRY FERRARIS (BPR#016086)
Attorney for Plaintiffs
127 W. Jackson Avenue, Suite 306
Knoxville, TN 37902
(865)584-7720

11.